**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CODY R. HENDERSON,**

**Plaintiff,**

**v.**

**PICKAWAY COUNTY SHERIFF'S OFFICE, *et al.*,**

**Defendants.**

**Civil Action 2:26-cv-524**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Cody R. Henderson, an Ohio resident who is proceeding without the assistance of counsel, sues the Pickaway County Sheriff's Office, Pickaway County Jail, Circleville Municipal Court, and several Pickaway County Sheriff's Office employees under 42 U.S.C. § 1983 for violation of his First, Fourth, and Fourteenth Amendment rights. Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e) because Plaintiff is proceeding *in forma pauperis*. But because Plaintiff's original Complaint misjoined several sets of unrelated claims, the undersigned ordered Plaintiff to file an Amended Complaint that complies with Federal Rule of Civil Procedure 20. (ECF No. 5.) Plaintiff was cautioned that failure to comply with that Order would result in the Court performing an initial screen under § 1915 of Plaintiff's claims against Defendant Moore in connection with events occurring on May 1, 2024. (*Id.*) Plaintiff filed an Amended Complaint on June 24, 2026 (ECF No. 7); however, the Amended Complaint still misjoined the same claims as the original Complaint. Plaintiff's arguments that the claims

are properly joined because the later events would not have occurred absent the earlier events does not satisfy Rule 20's requirements.

Accordingly, all claims in this action, except Plaintiff's claims against Defendant Moore and the Pickaway County Sheriff's Office arising from Plaintiff's May 1, 2024 stalking charges, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions.

The Court now turns to the initial screen of Plaintiff's First Amendment retaliation, Fourth Amendment malicious prosecution, and Fourteenth Amendment fabrication of evidence/denial of due process claims against Defendant Moore and the Pickaway County Sheriff's Office under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, Plaintiff **MAY PROCEED** on his individual-capacity First Amendment retaliation claim for damages against Defendant Moore, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that he first encountered Defendant Moore, a Pickaway County Sheriff's Deputy, during a 2022 traffic stop. (Am. Compl. ¶ 21, ECF No. 7.) During that stop, Moore "became aware that Plaintiff was actively asserting violations of his constitutional rights in Pickaway County" and "Plaintiff expressly informed Moore that his civil rights were being violated and that officers were conducting an unlawful seizure and search." (*Id.* at ¶¶ 21–22.) Plaintiff continued challenging alleged government misconduct over the next several years, through such means as public records requests, formal complaints, filming, litigation, and public

criticism involving New Holland Police Chief Jason Lawless, the village of New Holland, and related officials. (*Id.* at ¶ 25.) Plaintiff's next allegation involving Moore is that on April 11, 2024, Moore interacted with Plaintiff regarding complaints involving Village officials and prior false statements. (*Id.* at ¶ 48.) Moore thus "had actual notice that Plaintiff was actively exposing misconduct by local officials, challenging false official narratives, and pursuing constitutional claims." (*Id.* at ¶ 52.)

On May 1, 2024, Plaintiff encountered Chief Lawless in a public setting. (*Id.* at ¶ 57.) Although Plaintiff alleges that he did not threaten Lawless with imminent physical harm, engage in violence, or commit any criminal act, Moore nevertheless caused a criminal complaint to be filed in the Circleville Municipal Court charging Plaintiff with menacing by stalking under Ohio Revised Code § 2903.211(A)(1) arising out of the May 1, 2024 encounter with Lawless. (*Id.* at ¶¶ 58–60.) Plaintiff contends that the charge "was based on a single encounter and subjective interpretations of Plaintiff's speech." (*Id.* at ¶ 61.) Plaintiff further contends that Moore lacked probable cause to file the criminal complaint because Moore failed to establish the required pattern of conduct, a necessary element of the offense. (*Id.* at ¶ 62.) The criminal complaint also failed to identify specific criminal acts threatening imminent or actual harm or facts that would lead a reasonable officer to believe Chief Lawless would be harmed. (*Id.* at ¶ 63.)

Plaintiff commenced this action on April 30, 2026. (ECF No. 1.) His Amended Complaint (ECF No. 7) advances claims for First Amendment retaliation, Fourth Amendment malicious prosecution, and Fourteenth Amendment fabrication of evidence/denial of due process against Defendants Moore and the Pickaway County Sheriff's Office. Plaintiff seeks compensatory and punitive damages and a declaratory judgment stating that Moore violated Plaintiff's constitutional rights.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

*See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

Having performed the initial screen of Plaintiff's Amended Complaint, the undersigned concludes that Plaintiff may proceed on his individual-capacity First Amendment retaliation claim for damages against Moore. However, Plaintiff's claims against the Pickaway County Sheriff's Office and his remaining claims against Moore must be dismissed.

### A. Municipal Liability and Official-Capacity Claims

First, Plaintiff fails to state a claim against Pickaway County or any of its departments (including the Pickaway County Sheriff's Office). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges in a conclusory manner that "[t]he unconstitutional acts and omissions alleged herein were undertaken pursuant to, caused by, ratified by, or permitted through the customs, policies, practices, deliberate indifference, and failure to properly train, supervise, and discipline by the Pickaway County Sheriff's Office and its final

policymakers." (Am. Compl. ¶ 5, ECF No. 7.) In essence, Plaintiff asserts that every alleged act of wrongdoing by a County employee was taken pursuant to a municipal policy or custom. (*Id.*) But Plaintiff offers no *facts* on which this Court could rely to plausibly infer that Moore's allegedly unlawful conduct was the result of a County custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Plaintiff's claims against Pickaway County and its Sheriff's Office must therefore be dismissed.

Similarly, any claims against Moore in his official capacity must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entity (Pickaway County). Plaintiff's claims against Moore in his official capacity must therefore be dismissed.

**B. Declaratory Relief**

Additionally, Plaintiff is not entitled to declaratory relief. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not

allege any ongoing or likely future violations of his constitutional rights with regard to Moore. His claims for declaratory relief must therefore be dismissed.

**C. Individual-Capacity Claims for Damages**

All that remains are Plaintiff's individual-capacity claims against Moore for damages. As noted above, Plaintiff may proceed on his individual-capacity First Amendment retaliation claim for damages against Moore. But Plaintiff's remaining individual-capacity claims must be dismissed.

As to Plaintiff's Fourth Amendment malicious prosecution claim, Plaintiff contends that "Defendant Moore initiated the May 1 menacing by stalking charge despite the absence of a legally sufficient pattern of conduct and in reliance on protected or noncriminal activity." (Am. Compl. ¶ 183, ECF No. 7.) To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, the plaintiff must prove (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure"; and (4) "the criminal proceeding must have been resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (cleaned up).

Plaintiff cannot satisfy the third element because he has not alleged a deprivation of liberty arising from the stalking charges initiated by Moore. Plaintiff's allegations reflect that he was not arrested on the stalking charge and appeared for his arraignment at the Circleville Municipal Court on May 21, 2024, of his own volition. (*See* Am. Compl. ¶ 67.) Nor does the docket of his stalking case reflect that Plaintiff was ever arrested or detained. The charges were voluntarily dismissed by the prosecution on September 5, 2024. *See* Circleville Municipal Court

Case No. CRB 2400414.[1] Because Plaintiff has not alleged a deprivation of liberty in connection with his stalking charges, Plaintiff has not stated a claim for malicious prosecution.

Nor can Plaintiff make out a claim for fabrication of evidence/denial of due process against Moore. As an initial matter, because Plaintiff was never convicted of a crime as a result of Moore's criminal complaint, but rather only charged with stalking, "his § 1983 fabrication claim arises under the Fourth Amendment, not the [Fourteenth Amendment] Due Process Clause." *See Codrington v. Dolak*, 142 F.4th 884, 893 (6th Cir. 2025). And "to prevail on this claim," a plaintiff "must show that defendants fabricated evidence presented to a grand jury or to a judge determining probable cause." *Id.* (cleaned up) (quoting *Clark v. Abdallah*, 131 F.4th 432, 447 (6th Cir. 2025)). But Plaintiff has not alleged that Moore presented any false evidence to support probable cause. Plaintiff alleges that Moore presented *insufficient* evidence—that Moore's reliance on the single May 1, 2024 encounter with Chief Lawless did not establish the necessary pattern, and that Moore relied on "subjective interpretations of Plaintiff's speech" (Am. Compl. ¶¶ 61–62, ECF No. 7)—but Plaintiff does not allege that Moore relied on any false evidence. Plaintiff therefore has not stated a claim for fabrication of evidence.

## IV. DISPOSITION

For these reasons, all claims in this action, except Plaintiff's claims against Moore and the Pickaway County Sheriff's Office arising from Plaintiff's May 1, 2024 stalking charges, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions. Plaintiff **MAY PROCEED** on his individual-capacity First Amendment retaliation claim for damages against Defendant Moore, but it is **RECOMMENDED** that Plaintiff's remaining

[1] This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's criminal proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings . . . .").

claims be **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2).

Plaintiff has submitted service copies of his Amended Complaint and a summons form (Form AO-440) and a U.S. Marshal form (Form USM-285) for Defendant Moore (ECF No. 1-3, PAGEID #61; ECF No. 4, PAGEID #91). The Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Moore the issued summons, a copy of the Amended Complaint (ECF No. 7), and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE